**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

EDMON GASAWAY *a/k/a* EDMOND GASAWAY,

                        Plaintiff,

    - v -                                    Civ. No. 8:11-CV-549
                                                                 (GTS/RFT)

BENARD WILLIAMS, *Special Agent for Treasury Inspector*
*General for Tax Administration*; RANDY SILVIS, *Special*
*Agent for Treasury Inspector General for Tax Administration*,

                        Defendants.

**APPEARANCES:**                          **OF COUNSEL:**

EDMON GASAWAY
Plaintiff, *Pro Se*
05663-078
FCI Ray Brook
P.O. Box 9004
Ray Brook, New York 12977

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

# ORDER

      The Clerk has sent to the Court a *pro se* Complaint filed by Edmon Gasaway pursuant to the Freedom of Information Act (FOIA), codified at 5 U.S.C. § 552 *et seq.* Dkt. No. 1, Compl. Plaintiff has also filed a Motion for Leave to Proceed *in Forma Pauperis* (IFP). Dkt. No. 4.

      After reviewing the information provided by Plaintiff, the Court finds that Plaintiff may properly proceed with this matter *in forma pauperis*.

      Our review of Plaintiff's submission, however, does not end there for we must also, pursuant to 28 U.S.C. § 1915(e)(2), review the adequacy of the stated claims within the Complaint.

      Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that

. . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Moreover, under 28 U.S.C. § 1915A, a court must, as soon as practicable, *sua sponte* review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employees of a governmental agency" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a) & (b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*).

Plaintiff asserts that his rights under FOIA were violated when his formal requests for documents were not responded to. Named as Defendants are two individual special agents. Plaintiff does not state what documents he sought, nor from what agency, though he makes reference to TIGTA, which upon information and belief refers to the Treasury Inspector General for Tax Administration. *See* Compl. at p. 1 (noting he filed a complaint with TIGTA); *see also* http://www.treasury.gov/tigta (last visited July 20, 2011). According to the Complaint, on or about August 11, 2008, Plaintiff filed a complaint with TIGTA. Compl. at p. 1. He does not elaborate on the nature of the complaint. Plaintiff asserts that he was thereafter contacted, at separate times, by the two Defendants and advised of a number assigned to his complaint; however, he never received any other response to the filed complaint. *Id*. at pp. 1-2. He asserts that on March 10, 2010, he filed a notice requesting information pursuant to FOIA "concerning what actions were being conducted

and/or taken as to the sedition and treason of the parties responsible and named in the filed complaints." *Id*. at p. 2. He did not receive any response to the FOIA request and asks this Court to review the "action(s) or inaction(s) of the parties and the filed complaint(s)." *Id*.

The Complaint is far from clear and it may be more helpful if Plaintiff had provided more factual information in his Complaint, as well as the actual FOIA request. Furthermore, with regard to the named individual Defendants, we note that FOIA grants the district courts jurisdiction to enjoin an agency from withholding agency records that have been improperly withheld from the plaintiff. 5 U.S.C. § 552(a)(4)(B). "Agency" has been defined as "any executive department . . . or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." *Tomscha v. Giorgianni*, 2004 WL 1234043, at *3 (S.D.N.Y. June 3, 2004) (citing 5 U.S.C. § 552(f)). Thus, this statute only authorizes FOIA claims against agencies, **not individuals**. *Id*.; *see also Jefferson v. Reno*, 123 F. Supp. 2d 1, 3 (D.D.C 2000) ("Individual federal officials are not proper defendants in a FOIA action because it is the *agency's* responsibility to produce records.").

Assuming the agency identified above is the correct agency and is subject to FOIA, then it is the proper Defendant in this action, and not the individually named Defendants. Plaintiff's Complaint in its current form fails to satisfy the basic pleading requirements and fails to state a claim for relief. As such, dismissal would be appropriate pursuant to 28 U.S.C. §§ 1915(e) and 1915A. However, in light of the Plaintiff's *pro se* status, this Court recommends that prior to dismissing this action, Plaintiff be directed to amend his Complaint to provide clearer details regarding his FOIA request and to name the proper party.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *In Forma Pauperis* Application (Dkt. No. 4) is **granted**; and it is further

**RECOMMENDED**, that pursuant to the Court's review under 28 U.S.C. § 1915 and § 1915A, Plaintiff's Complaint **dismissed** for failure to state a claim; and it is further

**RECOMMENDED**, that alternatively, in light of his *pro se* status, prior to dismissing Plaintiff's Complaint in its entirety, Plaintiff be provided an opportunity to amend his Complaint to expand upon the facts that would support his claim for entitlement to relief; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: July 21, 2011
      Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge