UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EDMON GASAWAY, a/k/a Edmond Gasaway,

                    Plaintiff,

                                                        8:11-CV-0549
v.                                                      (GTS/RFT)

BERNARD WILLIAMS, Special Agent for Treasury
Inspector Gen. for Tax Admin.; and RANDY SILVIS,
Special Agent for Treasury Inspector Gen. for Tax Admin.,

                    Defendants.
_____

APPEARANCES:                                            OF COUNSEL:

EDMON GASAWAY, 05663-078
  Plaintiff, *Pro Se*
Ray Brook Federal Correctional Institution
P.O. Box 9004
Raybrook, New York 12977

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

Currently before the Court, in this *pro se* prisoner action filed by Edmon Gasaway

("Plaintiff") against the two above-captioned federal agents pursuant to the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, are (1) United States Magistrate Judge

Randolph F. Treece's Report-Recommendation of September 21, 2011, recommending that

Plaintiff's Complaint be *sua sponte* dismissed for failure to state a claim pursuant to 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A(a),(b) unless Plaintiff files an Amended Complaint that states an

actionable claim, and (2) Plaintiff's Amended Complaint of August 15, 2011.  (Dkt. Nos. 6, 8.)

For the reasons set forth below, Plaintiff's Amended Complaint is accepted for filing, Magistrate

Judge Treece's Report-Recommendation is adopted with modification, and Plaintiff's Amended

Complaint is *sua sponte* dismissed with prejudice for failure to state a claim and frivolousness

pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a),(b).  In addition, Plaintiff is directed to

show cause, within thirty (30) days of this Decision and Order, why this Court should not issue

an Order barring him from filing any future *pro se* actions in this Court without first obtaining

leave of the Court.

## I.      RELEVANT BACKGROUND

Because this Decision and Order is intended primarily for the review of the parties, the

Court will not recite in detail Plaintiff's claims and factual allegations, or the procedural history

of the action, except where necessary below in Part III of this Decision and Order.

## II.     APPLICABLE LEGAL STANDARDS

### A.      Standard of Review Governing a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-

recommendation, the Court subjects that portion of the report-recommendation to a *de novo*

review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection

must, with particularity, "identify [1] the portions of the proposed findings,  recommendations,

or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R.

72.1(c).[1]  When performing such a *de novo* review, "[t]he judge may . . . receive further

evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider

---

[1]      *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)
("Although Mario filed objections to the magistrate's report and recommendation, the statement
with respect to his Title VII claim was not specific enough to preserve this claim for review. The
only reference made to the Title VII claim was one sentence on the last page of his objections,
where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set
forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.'
This bare statement, devoid of any reference to specific findings or recommendations to which
he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title
VII claim.").

evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[3]  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

[2]       *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3]       *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[4]       *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte*

subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

**B.**     **Legal Authority Permitting Court to *Sua Sponte* Review Plaintiff's Complaint Under the Circumstances**

Because Magistrate Judge Treece correctly recited the authorities that confer upon the Court the power, and the duty, to *sua sponte* review Plaintiffs' Complaint under the circumstances, the Court will not repeat them here.  (See Dkt. No. 6, at 1-2.)  The Court would add only that it also possesses the inherent power to *sua sponte* dismiss *pro se* complaint based on frivolousness.  *See, e.g., Fitzgerald v. First E. Seventh St. Tenants Corp*., 221 F.3d 362, 363 (2d Cir. 2000) (recognizing that district court has power to *sua sponte* dismiss *pro se* complaint based on frivolousness notwithstanding fact that plaintiff has paid statutory filing fee).

**C.**     **Legal Standard Governing Dismissal Based on Failure to State a Claim**

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds:

---

*v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

    [5]      *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

(1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because Plaintiffs' Complaint is dismissed based on the first ground, a few words regarding that ground are appropriate.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added].  In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case).  On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases).  For this reason, as one commentator has correctly observed, the "liberal"

notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d

ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding

that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F.

Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v.*

*Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an

appellate decision holding that a complaint had stated an actionable antitrust claim under 15

U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court

"retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957),

that "a complaint should not be dismissed for failure to state a claim unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an

actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an

actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a

pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the

pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the

"[f]actual allegations must be enough to raise a right to relief above the speculative level [to a

plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for

relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense. . . .  [W]here the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged–but it has not

show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks

and citations omitted].  However, while the plausibility standard "asks for more than a sheer

possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability

requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to

relief, "the tenet that a court must accept as true all of the allegations contained in the complaint

is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,

supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement"

will not suffice. *Iqbal*, 129 S.Ct. at 1949  (internal citations and alterations omitted).  Rule 8

"demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

(citations omitted).

This pleading standard applies even to *pro se* litigants.  While the special leniency

afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form

of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se*

plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[6]

Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the

requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil

---

[6]    *See Vega v. Artus,* 610 F. Supp.2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

rights plaintiffs must follow.[7]  Stated more simply, when a plaintiff is proceeding *pro se*, "all

normal rules of pleading are not absolutely suspended."  *Jackson*, 549 F. Supp.2d at 214, n.28

[citations omitted].[8]

  Finally, a few words are appropriate regarding what documents are considered when a

dismissal for failure to state a claim is contemplated.  Generally, when contemplating a dismissal

pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the

four corners of the complaint may be considered without triggering the standard governing a

motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer,

(2) documents incorporated by reference in the complaint (and provided by the parties), (3)

documents that, although not incorporated by reference, are "integral" to the complaint, or (4)

any matter of which the court can take judicial notice for the factual background of the case.[9]

---

[7]  *See Vega,* 610 F. Supp.2d at 196, n.10 (citing Supreme Court and Second Circuit
cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

[8]  It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in
*Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks
later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated,
"*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2).
*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [emphasis added].  That statement was merely
an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in
*Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in
order to successfully state a claim.  *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47)
[emphasis added].  That statement did not mean that all pleadings may achieve the requirement
of "fair notice" without ever alleging any facts whatsoever.  Clearly, there must still be enough
fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to
relief above the speculative level to a plausible level.  *See Rusyniak,* 629 F. Supp.2d at 214 &
n.35 (explaining holding in *Erickson*).

[9]  *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit
to a pleading is a part thereof for all purposes."); *Chambers v. Time Warner, Inc.*, 282 F.3d 147,
152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as
an exhibit or any statements or documents incorporated in it by reference.") (internal quotation
marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72
(2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or

Moreover, in the Second Circuit, a *pro se* plaintiff's papers in response to a defendant's motion to dismiss for failure to state a claim may be considered as effectively amending the allegations of his complaint–to the extent those papers are consistent with the allegations in the complaint.[10]

## III.   ANALYSIS

### A.   Review of Report-Recommendation

In response to Magistrate Judge Treece's Report-Recommendation, Plaintiff did not file an Objection but an Amended Complaint.  (Dkt. No. 8.)[11]  The complete absence of any specific

---

incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case).

[10]     *See Drake v. Delta Air Lines, Inc.,* 147 F.3d 169, 170 n. 1 (2d Cir. 1998) (per curiam) ("[W]e deem Drake's complaint to include the facts contained in his memorandum of law filed in response to Delta's 1996 motion to dismiss."); *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) ("In his affidavit submitted in opposition to defendants' motion to dismiss, Gill asserts that Mooney's actions amounted to deliberate and willful indifference.  Liberally construed under *pro se* pleading standards, Gill's allegations against Mooney involve more than ordinary lack of due care for the prisoner's interests or safety, . . . and therefore state a colorable claim under the Eighth and Fourteenth Amendments.") (internal quotation marks and citation omitted); *Donhauser v. Goord*, 314 F. Supp. 2d 119, 212 (N.D.N.Y.) (Sharpe, M.J.) ("[I]n cases where *a pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside of the complaint to the extent they "are consistent with the allegations in the complaint.") (collecting district court cases), *vacated on other grounds*, 317 F. Supp. 2d 160 (N.D.N.Y. 2004) (Hurd, J.).

[11]     Because a plaintiff has a right to amend his complaint "once as a matter of course" within 21 days after service of a responsive pleading or motion under Fed. R. Civ. P. 12(b), (e), or (f), and because no such responsible pleading or motion to dismiss had been filed before Plaintiff's filed his Amended Complaint, the Court accepts Plaintiff's Amended Complaint for filing and directs the Clerk of the Court to change the caption on the docket to reflect the change in Defendants.  Fed. R. Civ. P. 15(a)(1).

(or even general) challenge to Magistrate Judge Treece's Report-Recommendation is exemplified by the fact that the beginning of the Amended Complaint states that it was being submitted in "compli[ance]" with the Report-Recommendation. (*Id*. at 1.) As a result, the Report-Recommendation is subject to only clear-error review (pursuant to the legal standard set forth above in Part II.A. of this Decision and Order).

Of course, to the extent that Plaintiff's Amended Complaint corrects the pleading deficiencies identified in the Report-Recommendation, the Report-Recommendation has been rendered moot. However, to the extent that Plaintiff's Amended Complaint does not correct the pleading deficiencies identified in the Report-Recommendation, the Report-Recommendation is still applicable.

The primary pleading deficiency identified in the Report-Recommendation was that, "[a]ssuming the agency identified . . . is the correct agency and is subject to FOIA, then it is the proper Defendant in this action, and not the individually named Defendants." (Dkt. No. 6, at 3.) In response to the Report-Recommendation, Plaintiff merely dropped Benard Williams and Randy Silvis as Defendants and added the "Inspector General for Tax Administration" as the sole Defendant. (*Compare* Dkt. No. 1 *with* Dkt. No. 8.) "The Inspector General for Tax Administration" is a person (i.e., J. Russell George), not an agency. As a result, Plaintiff's Amended Complaint does not correct the pleading deficiency identified in the Report-Recommendation, and the Report-Recommendation is still applicable.

After carefully reviewing all of the papers in this action, including the relevant portion of Magistrate Judge Treece's Report-Recommendation, the Court concludes that the relevant portion of the Report-Recommendation is thorough, well-reasoned and correct. Magistrate Judge Treece employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court adopts the relevant portion of the Report-Recommendation for the reasons stated therein.

10

With regard to this adoption, the Court would add only two points. First, the relevant portion of Magistrate Judge Treece's Report-Recommendation would survive even a de novo review. Second, the Court finds that it would be inappropriate to permit Plaintiff to file a Third Amended Complaint before dismissal. An opportunity to amend is not required where, as here, the plaintiff has already been afforded the opportunity to amend.[12] Furthermore, Plaintiff's failure to correct the defect is inexcusable given that (a) Magistrate Judge Treece specifically advised him of the defect, (b) the Court granted Plaintiff an extension of time to correct the defect, and (c) Plaintiff has extensive experience filing *pro se* civil pleadings in federal court. (*See, infra*, Part III.B. of this action.)

In the alternative, the Court dismisses Plaintiff's Amended Complaint for two independent reasons. First, based on Plaintiff's own factual allegations, it is clear that his FOIA request was deficient in the following seven regards: (1) it was not addressed to TIGTA's Disclosure Office;[13] (2) it was not clearly marked "Freedom of Information Act Request";[14] (3) it

---

[12]  *Shuler v. Brown*, 07-CV-0937, 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) (McAvoy, J., adopting Report-Recommendation by Lowe, M.J.) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord*, *Smith v. Fischer*, 07-CV-1264, 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009) (Hurd, J., adopting Report-Recommendation by Lowe, M.J.); *Abascal v. Hilton*, 04-CV-1401, 2008 WL 268366, at *8 (N.D.N.Y. Jan.130 2008) (Kahn, J., adopting, on de novo review, Report-Recommendation by Lowe, M.J.); *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec ., Inc.*, 16 F. Supp.2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading).

[13]  31 C.F.R. §§ 1.1(a)(i)(L), 1.5(b)(3) & Appendix A to Subpart A of Part 1. The Court notes that, on February 25, 2010, in response for a request for information by Plaintiff, Bernard Williams, Special Agent in Charge, Office of the Treasury Inspector General for Tax Administration ("TIGTA"), advised Plaintiff in writing as follows, in pertinent part:

did not reasonably describe the records sought by the request;[15] (4) it did not state whether the

requester wishes to inspect the records or desires to have a copy made and furnished without first

inspecting them;[16] (5) it did not include his agreement to pay fees for search, duplication, and

review, if applicable, or include a request for a fee waiver or reduction of fees, along with a

justification for such a request indicating which of the following user category is applicable (i.e.,

commercial, educational institution, scientific institution, news media, or other);[17] (6) it was not

*clearly* signed by the person making the request;[18] and (7) it did not set forth the address where

Plaintiff wanted to be notified about whether or not the request would be granted.[19]

These deficiencies are material because, to state the FOIA claim in question, a plaintiff

must allege facts plausibly suggesting that "an agency has (1) improperly (2) withheld (3)

---

Some limited information about your complaint might . . . be available to
you under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.  The
kind of information that might be available would be information about
you or information you provided, such as a copy of any correspondence
you might have sent us.  Requests for information under the FOIA should
be directed to the TIGTA's Disclosure Office.

(Dkt. No. 8, at 9.)  However, instead of sending a request for information under FOIA to
TIGTA's Disclosure Office, on March 10, 2010, Plaintiff sent a letter to Benard Williams, "Attn:
Complaint Management," requesting, in pertinent part, information regarding a complaint he had
filed with TIGTA on August 11, 2008, bearing complaint number 54-0808-0019-C.

[14]      31 C.F.R. § 1.5(b)(3).

[15]      31 C.F.R. § 1.5(b)(4), (d).

[16]      31 C.F.R. § 1.5(b)(6).

[17]      31 C.F.R. §§ 1.5(b)(2),(7) 1.7(b),(e).

[18]      31 C.F.R. § 1.5(b)(1).  Instead, Plaintiff's FOIA request was signed by Edmon
Gasaway, as "Authorized Representative," suggesting that he was acting on someone else's
behalf.

[19]      31 C.F.R. § 1.5(b)(5).

agency records." *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989).

Simply stated, the Court cannot conclude that Plaintiff has alleged facts plausibly suggesting that

agency records were *withheld* improperly when he has alleged facts plausibly suggesting that no

proper *request* was made. *See* 5 U.S.C. § 552(a)(3)(A) ("[E]ach agency, upon any request for

records which (i) reasonably describes such records and (ii) is made in accordance with

published rules stating the time, place, fees (if any), and procedures to be followed, shall make

the records promptly available to any person."); *Hull v. I.R.S., U.S. Dep't of Treasury*, 656 F.3d

1174, 1193, n.10 (10th Cir. 2011) ("While we agree that generally an agency has a duty to search

for records responsive to a FOIA request prior to claiming they are exempt, another general

FOIA principle dictates an agency only has a duty to search for responsive records upon receipt

of a request that complies with the agency's rules and procedures for such requests. 5 U.S.C. §

552(a)(3)(A).").

Second, even if Plaintiff had alleged facts plausibly suggesting that he had properly made

his FOIA request, he has alleged facts plausibly suggesting that much, if not all, of the

information he is seeking (if it exists) is exempt from disclosure under FOIA.  Among the

matters exempted from disclosure under FOIA are "inter-agency or intra-agency memorandums

or letters which would not be available by law to a party other than an agency in litigation with

the agency . . . ." 5 U.S.C. § 552(b)(5).  It is difficult to imagine how Plaintiff could have

obtained the internal memoranda in question in an action against TIGTA.  For example, if

Plaintiff brought an action against the relevant TIGTA agents for failure to do their jobs pursuant

to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971),[20] his

---

[20]     *See, e.g., Shipley v. I.R.S.*, 10-CV-0067, 2010 WL 2985446, at *3 (D. Mont. July 26, 2010) ("Because Mr. Shipley is suing both federal agents and federal agencies [based on their tax-collection efforts], the Court has construed his claims as being brought pursuant to the

claims would presumably be dismissed on the ground that (1) an action pursuant to FOIA is the

proper remedy,[21] and/or (2) negligence is not actionable under *Bivens*.[22]  With regard to this last

point, it is important to note the underlying complaint lodged by Plaintiff with TIGTA (regarding

which Plaintiff requests information about or on his FOIA request) was patently frivolous,

further eviscerating any *Bivens* claim (and accompanying means of discovery) that Plaintiff

might have against TIGTA.[23]

    With regard to this issue of frivolousness, some elaboration is appropriate.  From

Plaintiff's Amended Complaint, it is clear that his underlying complaint to TIGTA concerned the

---

Federal Tort Claims Act and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999,
29 L.Ed.2d 619 (1971).").

    [21]    *Cf. Judicial Watch, Inc. v. Rossotti*, 217 F. Supp.2d 618, 625 (D. Md. 2002)
("When the design of a Government program suggests that Congress has provided what it
considers adequate remedial mechanisms for constitutional violations that may occur in the
course of its administration, we have not created additional *Bivens* remedies. . . .  Circuit courts
have applied this reasoning to deny *Bivens* claims in lawsuits against I.R.S. employees where the
plaintiffs would have another avenue of relief through the provisions of the Internal Revenue
Code.") [internal quotation marks and citations omitted]; *see, e.g., W. Ctr. for Journalism v.
I.R.S.*, 116 F. Supp.2d 1, 4-13 (D.D.C. 2000) (construing tax-exempt corporation's claim of
inadequate response by I.R.S. to corporation's FOIA requests as arising under FOIA, not
*Bivens*).

    [22]    *See Riggio v. Bank of Am. Nat'l Trust & Savings Ass'n*, 31 F. App'x 505, 506 (9th
Cir. 2002) ("[N]egligence is not actionable under *Bivens* . . . ."); *Lafity v. Mitchell*, 10-CV-2572,
2011 WL 6431145, at *3 (D. S.C. Nov. 30, 2011) ("Negligence, in general, is not actionable
under . . . *Bivens*."); *Brewer v. Outlaw*, 11-CV-0119, 2011 WL 4434062, at *2 (E.D. Ark. Aug.
30, 2011) ("Negligence, however is not actionable in a *Bivens* case."); *Foster v. City of
Asheville*, 09-CV-0442, 2011 WL 1234097, at *4 (W.D.N.C. March 30, 2011) ("Negligence is
not actionable under *Bivens* . . . ."); *Grainger v. Fed. Bureau of Prisons*, 08-CV-0387, 2009 WL
47127, at *5 (S.D. Tex. Jan. 6, 2009) ("At most, plaintiff's allegations against the records officer
amount to negligence, which is not actionable under *Bivens*.").

    [23]    *Cf. U.S. v. Kaun*, 827 F.2d 1144, 1153 (7th Cir. 1987) ("Frivolous FOIA requests
are similarly not constitutionally protected."), *accord, Peck v. Merletti*, 64 F. Supp.2d 599, 603
(E.D. Va. 1999); *Hulshof v. Jurkas*, 05-CV-0152, 2006 WL 2943302, at *6, n.2 (W.D. Mich.
Oct. 13, 2006) (noting that the Michigan legislature had a "legitimate interest in conserving
scarce governmental resources squandered responding to frivolous FOIA requests").

following events.  On March 3, 1997, following a conviction for armed robbery, Plaintiff was

sentenced to, *inter alia*, pay $2,009.18 in restitution to two victims, as well as a special

assessment of $250 to the court.[24]  On June 6, 2008, Plaintiff apparently submitted a purported

"Promissory Note" and "Bill of Exchange" to the clerk's office in the amount of two billion

dollars ($2,000,000,000), in an attempt to satisfy his sentence.[25]  (According to Plaintiff, the

funds resulted from a debt owed by the United States of America and the State of California to

Plaintiff for their unauthorized use of his name, which is a "legal fiction," and which he owns

exclusively as a "sovereign.")[26]  The clerk of the court never responded.[27]  On August 11, 2008,

Plaintiff filed a complaint with TIGTA alleging that the Department of Justice's Criminal

Investigation Division had failed to investigate the fact that the Eastern District of Texas'

Clerk's Office had negotiated the note but failed to credit his account (and release him from

prison).  (Dkt. No. 8, at 13-16.)  Simply stated, this entire case is an exercise in frivolity and a

waste of strained judicial resources.[28]

---

[24]     *U.S. v. Gasaway*, 96-CR-0054, Docket Entry (E.D. Tex. filed March 3, 1997); *U.S. v. Gasaway*, 96-CR-0054, Letter from Probation Office to Judge (E.D. Tex. filed May 14, 1997); *U.S. v. Gasaway*, 96-CR-0054, Submission by Defendant Gasaway (E.D. Tex. filed Sept. 19, 2010).

[25]     *U.S. v. Gasaway*, 96-CR-0054, Submission by Defendant Gasaway, at 1 (E.D. Tex. filed Feb. 8, 2008) (stating that he had originally submitted the attached "Promissory Note" and "Bill of Exchange" on June 6, 2008); *U.S. v. Gasaway*, 96-CR-0054, Submission by Defendant Gasaway, at 4-6 (E.D. Tex. filed July 21, 2008) (attaching documents entitled "Bonded Promissory Note" and "Non-Negotiable Bill of Exchange" in amount of $2,000,000 and dated June 6, 2008).

[26]     (*See generally* Dkt. No. 8.)

[27]     *See, generally*, *U.S. v. Gasaway*, 96-CR-0054, Docket Sheet (E.D. Tex.).

[28]     Of course, on October 15, 2010, the Fifth Circuit denied Gasaway's appeal, explaining that, *inter alia*, Gasaway's "promissory note" and "bill of exchange" was insufficient to satisfy his sentence.  *In re Gasaway*, No. 10-40747, Order , at 2(5th Cir. filed Oct. 10, 2010).

B.      **Appropriateness of Bar Order**

A review of Plaintiff's litigation history on Federal Judiciary's Public Access to Court

Electronic Records ("PACER") Service reveals that, with increasing frequency over the past 10

years, Plaintiff has filed 17 *pro se* prisoner civil actions (other than this one) in six different

federal district courts.[29]  Eight of these 17 actions have been dismissed based on pleading

deficiencies or failure to comply with court directives.[30]  In addition, he has filed six appeals in

_____

[29]      *See Gasaway v. Warden, FCI Allenwood*, 11-CV-2386, Petition (M.D. Pa. filed
Dec. 28, 2011) (*pro se* prisoner civil rights action); *Gasaway v. Warden, FCI Allenwood*, 11-CV-
0756, Petition (M.D. Pa. filed Dec. 28, 2011) (*pro se* habeas corpus action); *Gasaway v. Perdue*,
11-CV-1272, Complaint (N.D.N.Y. filed Oct. 26, 2011) (*pro se* prisoner civil rights action);
*Gasaway v. Nicklin*, 11-CV-0465, Judgment (N.D.N.Y. filed Dec. 7, 2011) (Suddaby, J.)
(dismissing *pro se* prisoner action *sua sponte* as improperly pled as habeas corpus action rather
than prisoner civil rights action); *Gasaway v. Bureau of Prisons*, 11-CV-1223, Complaint
(N.D.N.Y. filed Sept. 9, 2011) (*pro se* prisoner civil action); *Gasaway v. Bureau of Prisons*, 11-
CV-1625, Complaint (D. D.C. filed Sept. 9, 2011) (*pro se* prisoner civil action); *Gasaway v.
Warden, FCI Allenwood*, 11-CV-1970, Petition (M.D. Pa. filed July 5, 2011) (*pro se* habeas
corpus action); *Gasaway v. Bonded Promissory Note*, 11-CV-0229, Petition (E.D. Tex. filed Apr.
18, 2011) (*pro se* habeas corpus action); *Gasaway v. Bonded Promissory Note*, 11-CV-0436,
Petition (N.D.N.Y. filed Apr. 18, 2011) (*pro se* habeas corpus action); *Gasaway v. Obama*, 10-
CV-1979, Dismissal Order (D. D.C. filed Nov. 12, 2010) (Collyer, J.) (dismissing *pro se*
prisoner civil action *sua sponte* for failure to state claim); *Gasaway v. Martinez*, 10-CV-1121,
Memorandum & Order (M.D. Pa. filed Nov. 8, 2010) (Nealon, J.) (dismissing *pro se* prisoner
civil rights action *sua sponte* for failure to state claim); *Gasaway v. United States of America*,
10-CV-1563, Order (M.D. Pa. filed Sept. 14, 2010) (McClure, J.) (dismissing *pro se* prisoner
civil action *sua sponte* for failure to pay filing fee or file motion to proceed *in forma pauperis*);
*Gasaway v. Holder*, 10-CV-1615, Memorandum (M.D. Pa. filed Sept. 10, 2010) (McClure, J.)
(dismissing *pro se* habeas corpus action *sua sponte* for failure of petition to show entitlement to
relief); *Gasaway v. Holder*, 09-CV-1687, Order (M.D. Pa. filed Oct. 15, 2009) (McClure, J.)
(dismissing *pro se* habeas corpus action *sua sponte* for failure of petition to show entitlement to
relief); *Gasaway v. United States of America*, 09-CV-1711, Complaint (C.D. Cal. filed March
11, 2009) (*pro se* prisoner civil action); *Gasaway v. USA*, 07-CV-0592, Order (Fed. Ct. Cl. filed
Dec. 21, 2007) (Allegra, J.) (dismissing *pro se* prisoner civil action *sua sponte* for failure to
prosecute); *Gasaway v. United States of America*, 02-CV-0403, Memorandum Opinion (E.D.
Tex. June 25, 2002) (Heartfield, J.) (dismissing *pro se* prisoner action to vacate, set aside or
correct a sentence *sua sponte* as barred by applicable statute of limitations).

[30]      *Gasaway v. Nicklin*, 11-CV-0465, Judgment (N.D.N.Y. filed Dec. 7, 2011)
(Suddaby, J.) (dismissing *pro se* prisoner action *sua sponte* as improperly pled as habeas corpus
action rather than prisoner civil rights action); *Gasaway v. Obama*, 10-CV-1979, Dismissal

civil actions, also with increasing frequency.[31]  Five of those appeals have been dismissed based

on lack of merit or failure to comply with court directives.[32]  At the core of most, if not all, of

Plaintiff's actions and appeals is his theory that (1) both the United States of America and the

State of California have incurred a debt to Plaintiff for their unauthorized use of his name, which

is a "legal fiction," and which he owns exclusively as a "sovereign," (2) the documents he

prepares memorializing that debt (complete with citations to the Uniform Commercial Code) are

valid negotiable financial instruments, and (3) his submission of those instruments to a federal

court clerk's office mandates his release from prison.

---

Order (D. D.C. filed Nov. 12, 2010) (Collyer, J.) (dismissing *pro se* prisoner civil action *sua sponte* for failure to state claim); *Gasaway v. Martinez*, 10-CV-1121, Memorandum & Order (M.D. Pa. filed Nov. 8, 2010) (Nealon, J.) (dismissing *pro se* prisoner civil rights action *sua sponte* for failure to state claim); *Gasaway v. United States of America*, 10-CV-1563, Order (M.D. Pa. filed Sept. 14, 2010) (McClure, J.) (dismissing *pro se* prisoner civil action *sua sponte* for failure to pay filing fee or file motion to proceed *in forma pauperis*); *Gasaway v. Holder*, 10-CV-1615, Memorandum (M.D. Pa. filed Sept. 10, 2010) (McClure, J.) (dismissing *pro se* habeas corpus action *sua sponte* for failure of petition to show entitlement to relief); *Gasaway v. Holder*, 09-CV-1687, Order (M.D. Pa. filed Oct. 15, 2009) (McClure, J.) (dismissing *pro se* habeas corpus action *sua sponte* for failure of petition to show entitlement to relief); *Gasaway v. USA*, 07-CV-0592, Order (Fed. Ct. Cl. filed Dec. 21, 2007) (Allegra, J.) (dismissing *pro se* prisoner civil action *sua sponte* for failure to prosecute); *Gasaway v. United States of America*, 02-CV-0403, Memorandum Opinion (E.D. Tex. June 25, 2002) (Heartfield, J.) (dismissing *pro se* prisoner action to vacate, set aside or correct a sentence *sua sponte* as barred by applicable statute of limitations).

[31]     *See In re Gasaway*, No. 11-41352, Motion (5th Cir. filed Dec. 12, 2011); *Gasaway v. Martinez*, No. 11-1711, Order (3d Cir. filed July 26, 2011) (denying motion to pay filing fee); *In re Gasaway*, No. 11-40500, Order (5th Cir. filed June 7, 2011) (denying motion to file successive habeas corpus petition); *Gasaway v. Martinez*, No. 10-4519, Order (3d Cir. filed Jan. 6, 2011) (dismissing appeal for failing to pay filing fee); *USA v. Gasaway*, No. 03-41099, Order (5th Cir. filed Feb. 3, 2004) (dismissing appeal for lack of jurisdiction); *In re Gasaway*, No. 03-40344, Order (5th Cir. filed July 9, 2003) (dismissing appeal for failing to pay filing fee).

[32]     *See Gasaway v. Martinez*, No. 11-1711, Order (3d Cir. filed July 26, 2011) (denying motion for failing to pay filing fee); *In re Gasaway*, No. 11-40500, Order (5th Cir. filed June 7, 2011) (denying motion to file successive habeas corpus petition); *Gasaway v. Martinez*, No. 10-4519, Order (3d Cir. filed Jan. 6, 2011) (dismissing appeal for failing to pay filing fee); *USA v. Gasaway*, No. 03-41099, Order (5th Cir. filed Feb. 3, 2004) (dismissing appeal for lack of jurisdiction); *In re Gasaway*, No. 03-40344, Order (5th Cir. filed July 9, 2003) (dismissing appeal for failing to pay filing fee).

Based on Plaintiff's litigation history, the Court finds that (1) Plaintiff lacks a good-faith expectation in prevailing in his lawsuits, (2) he has proven himself to be vexatious and indeed incorrigible when proceeding *pro se*, (3) he has caused needless expense to other parties and placed an unnecessary burden on the Court and its personnel, and (4) he has demonstrated that no lesser sanctions (e.g., such as dismissal or chastisement) would be adequate to protect the Court and other parties.

Under such circumstances, a federal district court may impose reasonable filing restrictions on a *pro se* litigant in that particular court, pursuant to 28 U.S.C. § 1651(a) and its inherent authority to control and manage its own docket so as to prevent abuse in its proceedings.  For example, a federal district court may, after providing an appropriate opportunity to be heard, prohibit a vexatious litigant from filing, in that particular court, any action *pro se* (that is, without counsel), without prior leave of that court.  *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts  may impose sanctions, including restrictions on future access to the judicial system.") [internal quotations and citations omitted]; *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) (where a *pro se* plaintiff has demonstrated a "clear pattern of abusing the litigation process by filing vexatious and frivolous complaints," a "leave to file" requirement may be instituted by the court as an appropriate sanction); *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("[T]he district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."); *Azubuko v. Unknown Boston Police Officers*, 08-CV-0330, 2008 WL 1767067, at *1 (N.D.N.Y. Apr. 16, 2008) (McCurn, J.).

Because of his history of filing unmerited and indeed vexatious lawsuits, Plaintiff is hereby warned that the Court will not tolerate the filing of frivolous actions by him in the future. As a result, he is directed to show cause, within thirty (30) days, why this Court should not issue an Order barring him from filing any future *pro se* actions without first obtaining leave of the Court.  In the event that Plaintiff fails to show such cause, he will be prohibited from filing, in this Court, any action *pro se* (that is, without counsel), without prior leave of the Court, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings.

**ACCORDINGLY**, it is

**ORDERED** that the Clerk of the Court shall amend (1) the description of Dkt. No. 8 to reflect that the document filed is Plaintiff's Amended Complaint, and (2) the caption on the docket to reflect the resulting change in Defendants; and it is further

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 6) is **ACCEPTED** and **ADOPTED** as modified by this Decision and Order; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 8) is *sua sponte* **DISMISSED** in its entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a),(b); and it is further

**ORDERED** that **Plaintiff is hereby directed to show cause, within thirty (30) days of this Decision and Order, why this Court should not issue an Order barring him from filing any future *pro se* actions in this Court without first obtaining leave of the Court.  In the event that Plaintiff fails to show such cause, he will be prohibited from filing, in this Court, any action *pro se* (that is, without counsel) without prior leave of the Court, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings.**

19

The Clerk's Office is directed to close this action.

<u>The Court certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from</u> <u>this Decision and Order would not be taken in good faith</u>.

Dated:   January 30, 2012
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

20